FILED
NOV 12 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert W. Johnson,

      Plaintiff,

v.                                    Civil Action No. 19-3076 (UNA)

Chittenden County
State Attorney's Office *et al.*,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). The Court will grant the IFP application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). In order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]" *Meng v. Schwartz*, 305 F. Supp. 2d

1

49, 55 (D.D.C. 2004). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a Bronx, New York, resident who has sued a number of defendants mostly based in New York. *See* Compl. Caption. He seeks trillions of dollars. *See* Compl. at 5-6. Plaintiff invokes diversity as the basis of jurisdiction, Compl. ¶ 3, but he has pled nothing, nor does it appear he can, to satisfy the citizenship requirement. In addition, plaintiff's cryptic references to "discrimination, due process violations, civil rights violations, IRS violations, [and] administrative violations," *id.*, do not provide a basis for exercising federal-question jurisdiction. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: November 8, 2019

United States District Judge